IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015

## STATE OF TENNESSEE v. THOMAS ANDREW BELL

**Appeal from the Criminal Court for Knox County
Nos. 102293, 102612     Steven W. Sword, Judge**

---

**No. E2014-02166-CCA-R3-CD – Filed September 17, 2015**

---

The defendant, Thomas Andrew Bell, appeals the six-year sentence imposed for his Knox County Criminal Court guilty-pleaded convictions of possession with intent to sell more than one-half ounce of marijuana within 1,000 feet of a public park, possession of drug paraphernalia, simple possession, and possession with intent to sell cocaine, claiming that the trial court erred by ordering a fully incarcerative sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Mark E. Stephens, District Public Defender; and John Halstead, Assistant District Public Defender, for the appellant, Thomas Andrew Bell.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In case number 102293, the Knox County grand jury charged the defendant with one count of possession with intent to sell more than one-half ounce but not more than 10 pounds of marijuana within 1,000 feet of a public park, one count of possession with intent to deliver more than one-half ounce but not more than 10 pounds of marijuana within 1,000 feet of a public park, and one count of possession of drug paraphernalia. In case number 102612, the grand jury charged the defendant with one count of possession with intent to sell less than .5 grams of cocaine within 1,000 feet of a preschool, one count of possession with intent to deliver less than .5 grams of cocaine within 1,000 feet

of a preschool, one count of possession of oxycodone, and one count of driving on a suspended license.

Pursuant to a plea agreement with the State designed to dispose of the charges in both cases, the defendant entered pleas of guilty in case number 102293 to possession with intent to sell more than one-half ounce but less than 10 pounds of marijuana within 1,000 feet of a public park and possession of drug paraphernalia in exchange for an effective sentence of one year to be served at 100 percent by operation of law, *see* T.C.A. § 39-17-432(b)(1), (3), and in case number 102612 to possession with intent to sell less than .5 grams of cocaine and simple possession in exchange for an effective sentence of five years. The agreement provided that the effective sentence imposed in each case would be served consecutively, for a total effective sentence of six years, and that the manner of service of the sentence would be determined by the trial court following a sentencing hearing.

The State summarized the facts at the guilty plea submission hearing:

Case 102293, the proof would show that on June 2nd, 2012, Officer Adam Parnell was on routine patrol in South Knoxville near the Joe Foster Park. He had passed by that area several times earlier in the day and had seen this defendant sitting alone at a table under a pavilion and . . . on several occasions he came back and parked and observed the defendant, again, sitting there doing nothing. . . .

Officer Parnell approached the defendant, asked him his name. He gave a false name, also gave a false age. . . . He eventually agreed . . . to give Officer Parnell his correct identifying name and age. He had had a backpack with him in that pavilion area. As the officers went to retrieve that after they had taken him into custody, he advised the officers that there was marijuana in that backpack

A subsequent search of that backpack revealed the presence of digital scales and marijuana in an amount more than half an ounce, but less than 10 pounds packaged in 19 individually packaged baggies. Total field weight was approximately 28.2 grams, and under the circumstances, the marijuana was possessed for resale.

Case 102612, proof would show that on July 18th, 2013, approximately midnight, Officer John Sharp with the Knoxville Police Department observed the defendant operating a vehicle on Cherokee Trail, failed to signal before turning onto another road . . . . [T]he defendant pulled into an area known as The Retreat and flagged Officer Sharp to speak with him. Officer Sharp did a records check and revealed [the defendant] had a suspended license. He also acknowledged that he had some crack cocaine and oxycodone pills on him.

Officer Sharp's testimony would be that he recovered cocaine in an amount less than point five grams, but packaged and possessed under circumstances indicating resale, and he also did have oxycodone pills in a small amount. The lab confirmed the presence of cocaine in the substance and also the pills to be oxycodone pills.

The defendant indicated an intention to apply for probation, and the State indicated that it did not believe that the defendant was eligible for probation for his one-year sentence for marijuana possession.

At a subsequent hearing, the trial court ruled that the defendant was not eligible for probation on the one-year sentence imposed in case number 102293. The court gave the defendant time to decide whether to appeal the court's ruling and ordered the defendant to appear on July 11, 2014. When the defendant failed to appear, the trial court issued a capias. The defendant appeared for a September 11, 2014 status hearing, and his attorney noted that in addition to his failure to appear, the defendant had "picked up a couple of new charges."

At a hearing on the following day, the State argued that the defendant was ineligible for probation on the entire six-year sentence imposed pursuant to the plea agreement because of the "sentence alignment . . . where you've got a nonprobatable felony followed by a probatable felony." The State also argued that the defendant was not a suitable candidate for probation, noting that the defendant had acquired three new criminal charges since the guilty plea submission hearing and that the defendant again provided false information to the officers who arrested him on September 2, 2014. The court noted that it did not believe the defendant to be suitable for probation, observing,

"He has this long juvenile history that's a dangerous history. He's a young man who started smoking marijuana at age nine. Has done heroin and cocaine. He was shot at age 15." Despite these observations, the court referred the defendant "to Enhanced and CAPP" and agreed to "entertain further argument on the appropriateness of some community placement on this case."

At the October 24, 2014 sentencing hearing, the defendant asked that he be placed on enhanced probation or community corrections following service of his one-year sentence of incarceration. The State argued that the defendant was not a suitable candidate for probation.

The court determined that the defendant was eligible for probation on the five-year effective sentence in case number 102612 and observed that, had the defendant appeared as scheduled on July 11, 2014, the court "absolutely" would have given the defendant an alternative sentence. The court noted, however, that the defendant "failed to show up for his sentencing date and doesn't come back into custody until he's committed new criminal charges," which gave the court "tremendous concern on his potential for rehabilitation." The court ordered the defendant to serve the entirety of his effective six-year sentence in confinement, finding,

> And it's because of his behavior during this sentencing process that I've lost all faith that he's going to be successful on this. He's got a history that is just ripe for treatment. Started smoking marijuana age [nine]. He's used heroin and cocaine. And I really wanted to . . . give him an opportunity to be rehabilitated in the community.

> But now we have these charges where he's victimized somebody else, he's disobeyed the orders of the [c]ourt by not coming back to court for sentencing. And so I think he's displayed no potential for rehabilitation. And on that factor and that factor alone, I think that he has lost his opportunity to be on probation.

In this appeal, the defendant contends that the trial court abused its discretion by ordering a fully incarcerative sentence, arguing that the court failed to consider the defendant's potential for rehabilitation following drug treatment and failed to consider the appropriate sentencing principles. The State contends that the trial court

-4-

properly concluded that the defendant failed to establish any entitlement to probation or other alternative sentencing.

Our supreme court has adopted an abuse of discretion standard of review for sentencing and has prescribed "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012) (stating that "although the statutory language continues to describe appellate review as de novo with a presumption of correctness," the 2005 revisions to the Sentencing Act "effectively abrogated the de novo standard of appellate review"). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). The supreme court cautioned that, despite the wide discretion afforded the trial court under the revised Sentencing Act, trial courts are "still required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 706 n.41 (citing T.C.A. § 40-35-210(e)). Under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709.

In our view, the record supports the sentencing decision of the trial court. The trial court based the denial of probation and alternative sentencing on the defendant's lack of amenability for rehabilitation, noting the defendant's record of criminal activity, *see* T.C.A. § 40-35-103(A) ("Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct."), and his continuing to amass criminal charges even as the sentencing decision in this case was pending, *see id.* § 40-35-103(C) ("Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."). The record establishes that the 20-year-old defendant had juvenile adjudications of aggravated assault and criminal trespass and that, within six months of having turned 18, he had been arrested for the charges in case number 102293. While the defendant was on bond in that case, he committed the offenses in case number 102612. Then, after he pleaded guilty, the defendant abused the largess of the trial court by failing to appear for his sentencing hearing as scheduled and by garnering two new criminal charges. Given the defendant's history of failure to comply with the terms of his release in the community and failure to abide by the orders of the court, the trial court did not abuse its discretion by ordering a fully incarcerative sentence.

Accordingly, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE